AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO. 3:08-cv-01434-CRB |
| *This document relates to* | |
| TIM GRAY, | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC and MONSANTO COMPANY, | |
| Defendants. | |

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a Monsanto Company ) ("Pharmacia") and G.D. Searle LLC ("Searle") and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

I.

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celocoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

II.

ORIGINAL ANSWER

Response to Allegations Regarding Parties

1. Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age or state of residence and, therefore, deny the same.

3. Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants state that the remaining allegations in this paragraph of the Complaint assert legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny the remaining allegations in this paragraph of the Complaint.

4. Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pfizer is registered to do business in the State of Minnesota. Defendants admit that Pfizer may be served through its registered agent. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States, including Minnesota, to be prescribed by healthcare providers who are by law authorized

to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either Searle or

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or

2   distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in

3   this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4   Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

5   incorporated by reference into Defendants' responses to each and every paragraph of the

6   Complaint referring to Monsanto and/or Defendants.

7           8.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia

8   marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

9   providers who are by law authorized to prescribe drugs in accordance with their approval by the

10  FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

11  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

12  in the United States to be prescribed by healthcare providers who are by law authorized to

13  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pharmacia

14  acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia

15  became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this paragraph of

16  the Complaint.

17          9.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia

18  marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

19  providers who are by law authorized to prescribe drugs in accordance with their approval by the

20  FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

22  in the United States to be prescribed by healthcare providers who are by law authorized to

23  prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex®

24  was and is safe and effective when used in accordance with its FDA-approved prescribing

25  information.  Defendants state that the potential effects of Celebrex® were and are adequately

26  described in its FDA-approved prescribing information, which was at all times adequate and

27  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

10.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants are without knowledge sufficient to form a belief as to the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims the amount in controversy satisfies the jurisdictional amount of this Court. Defendants deny the remaining allegations in this paragraph of the Complaint.

Response to Factual Allegations

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damages and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.      Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being a non-steroidal anti-inflammatory ("NSAID") drugs. Defendants deny the remaining allegations in this paragraph of the Complaint.

18.      Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.      Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent that a response

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

2        23.     Defendants admit that Searle submitted a New Drug Application ("NDA") for

3    Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

4    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

5    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

6    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

7    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP")

8    as an adjunct to usual care (e.g., endoscopic surveillance surgery). Defendants deny the

9    remaining allegations in this paragraph of the Complaint.

10       24.     Defendants admit that Celebrex® was launched in February 1999. Defendants

11    admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

12    Celebrex® in the United States to be prescribed by healthcare providers who are by law

13    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

14    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

15    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

16    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17    accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

18    and effective when used in accordance with its FDA-approved prescribing information.

19    Defendants state that the potential effects of Celebrex® were and are adequately described in its

20    FDA-approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23       25.     Defendants state that the referenced article speaks for itself and respectfully refer

24    the Court to the article for its actual language and text. Any attempt to characterize the article is

25    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

26       26.     Defendants state that the referenced article speaks for itself and respectfully refer

27    the Court to the article for its actual language and text. Any attempt to characterize the article is

28    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

27.     Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text.  Any attempt to characterize the FDA Update is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

29.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

paragraph of the Complaint.

33.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2        39.    Defendants state that the referenced Medical Officer Review speaks for itself and

3    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

4    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

5    allegations in this paragraph of the Complaint.

6        40.    Plaintiff fails to provide the proper context for the allegations concerning "Public

7    Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

8    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10        41.    Defendants state that the referenced article speaks for itself and respectfully refer

11    the Court to the article for its actual language and text.  Any attempt to characterize the article is

12    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13        42.    Defendants state that the referenced study speaks for itself and respectfully refer

14    the Court to the study for its actual language and text.  Any attempt to characterize the study is

15    denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

16    Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

17    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

18    Defendants deny the remaining allegations in this paragraph of the Complaint.

19        43.    Defendants admit that there was a clinical trial called APC.  Defendants state that

20    the referenced article speaks for itself and respectfully refer the Court to the article for its actual

21    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

22    remaining allegations in this paragraph of the Complaint.

23        44.    Defendants state that the referenced article speaks for itself and respectfully refer

24    the Court to the article for its actual language and text.  Any attempt to characterize the article is

25    denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety

26    Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient

27    information or knowledge to form a belief as to the truth of such allegations and, therefore, deny

28    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

PFIZER, PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-01434-CRB

45. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46. Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48. Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50. Plaintiff fails to provide the proper context for the allegations regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

51.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

56.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants deny the allegations in this paragraph of the Complaint.

59.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

60.    Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

62.    Defendants state that Celebrex® was and is safe and effective when used in

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-

accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000. Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text. Any attempt to characterize the letters is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the

2  letter for its actual language and text.  Any attempt to characterize the letter is denied.

3  Defendants deny the remaining allegations in this paragraph of the Complaint.

4      68.    Defendants state that Celebrex® was and is safe and effective when used in

5  accordance with its FDA-approved prescribing information.  Defendants state that the potential

6  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

7  information, which was at all times adequate and comported with applicable standards of care

8  and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

10  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

11  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

12  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

13  in the United States to be prescribed by healthcare providers who are by law authorized to

14  prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16      69.    Defendants state that Celebrex® was and is safe and effective when used in

17  accordance with its FDA-approved prescribing information.  Defendants state that the potential

18  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

19  information, which was at all times adequate and comported with applicable standards of care

20  and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

21  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

22  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

23  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

24  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

25  in the United States to be prescribed by healthcare providers who are by law authorized to

26  prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex®

27  is a prescription medication which is approved by the FDA for the following indications: (1) for

28  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

2  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

3  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

4  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

5  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and

6  older. Defendants deny any wrongful conduct and deny the remaining allegations in this

7  paragraph of the Complaint.

8      70.    Defendants state that Celebrex® was and is safe and effective when used in

9  accordance with its FDA-approved prescribing information. Defendants state that the potential

10  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

11  information, which at all times was adequate and comported with applicable standards of care

12  and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

13  vague and ambiguous. Defendants are without knowledge or information to form a belief as to

14  the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful

15  conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph

16  of the Complaint.

17      71.    Defendants state that Celebrex® was and is safe and effective when used in

18  accordance with its FDA-approved prescribing information. Defendants state that the potential

19  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

23  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

24  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

25  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

26  in the United States to be prescribed by healthcare providers who are by law authorized to

27  prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny the allegations in this paragraph of the Complaint.

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing

information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effects of Celebrex® are and were adequately described in its FDA-approved prescribing

information, which was at all times adequate and comported with applicable standards of care

and law.  Defendants state that the referenced study speaks for itself and respectfully refer the

Court to the study for its actual language and text.  Any attempt to characterize the study is

denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

paragraph of the Complaint.

82.    Defendants deny any wrongful conduct and deny the remaining allegations in this

paragraph of the Complaint.

83.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants

state that the potential effects of Celebrex® are and were adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

remaining allegations in this paragraph of the Complaint.

Response to First Cause of Action: Negligence

84.    Defendants incorporate by reference their responses to each paragraph of

Plaintiff's Complaint as if fully set forth herein.

85.    Defendants state that this paragraph of the Complaint contains legal contentions

to which no response is required.  To the extent that a response is deemed required, Defendants

admit that they had duties as are imposed by law but deny having breached such duties.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex®

were and are adequately described in its FDA-approved prescribing information, which was at all

times adequate and comported with applicable standards of care and law.  Defendants deny any

wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that this paragraph of the Complaint contains legal contentions

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   to which no response is required.  To the extent that a response is deemed required, Defendants

2   admit that they had duties as are imposed by law but denies having breached such duties.

3   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

4   FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex®

5   were and are adequately described in its FDA-approved prescribing information, which was at all

6   times adequate and comported with applicable standards of care and law.  Defendants deny any

7   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

8        87.     Defendants state that this paragraph of the Complaint contains legal contentions

9   to which no response is required.  To the extent that a response is deemed required, Defendants

10   admit that they had duties as are imposed by law but deny having breached such duties.

11   Defendants are without knowledge or information sufficient to form a belief as to the truth of the

12   allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and,

13   therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when

14   used in accordance with its FDA-approved prescribing information.  Defendants state that the

15   potential effects of Celebrex® were and are adequately described in its FDA-approved

16   prescribing information, which was at all times adequate and comported with applicable

17   standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

18   allegations in this paragraph of the Complaint, including all subparts.

19        88.     Defendants are without knowledge or information sufficient to form a belief as to

20   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27        89.     Defendants state that Celebrex® was and is safe and effective when used in

28   accordance with its FDA-approved prescribing information.  Defendants state that the potential

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 92 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Response to Second Cause of Action: Strict Liability

93.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-22-

PFIZER, PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-01434-CRB

Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

2    information, which was at all times adequate and comported with applicable standards of care

3    and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

4    remaining allegations in this paragraph of the Complaint.

5        99.    Defendants state that Celebrex® was and is safe and effective when used in

6    accordance with its FDA-approved prescribing information.  Defendants state that the potential

7    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

10   remaining allegations in this paragraph of the Complaint.

11       100.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

18   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damages, and deny the

19   remaining allegations in this paragraph of the Complaint.

20       101.    Defendants state that Celebrex® was and is safe and effective when used in

21   accordance with its FDA-approved prescribing information.  Defendants state that the potential

22   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

23   information, which was at all times adequate and comported with applicable standards of care

24   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26       102.    Defendants are without knowledge or information sufficient to form a belief as to

27   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

103.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint

105.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

106.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

107.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Response to Third Cause of Action: Breach of Express Warranty

108.     Defendants incorporate by reference their responses to each paragraph of

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Plaintiff's Complaint as if fully set forth herein.

2        109.    Defendants are without knowledge or information sufficient to form a belief as to

3    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants admit to providing FDA-approved prescribing

9    information for Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

10   Complaint.

11       110.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants admit to providing FDA-approved prescribing

18   information for Celebrex®.  Defendants deny any wrongful conduct and deny the remaining

19   allegations in this paragraph of the Complaint, including all subparts.

20       111.    Defendants admit to providing FDA-approved prescribing information for

21   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23       112.    Defendants state that Celebrex® was and is safe and effective when used in

24   accordance with its FDA-approved prescribing information.  Defendants state that the potential

25   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

26   information, which was at all times adequate and comported with applicable standards of care

27   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28   paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit to providing FDA-approved prescribing information for Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Response to Fourth Cause of Action: Breach of Implied Warranty

118.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

119.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3        120.    Defendants state that Celebrex® was and is safe and effective when used in

4   accordance with its FDA-approved prescribing information.  Defendants state that the potential

5   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

6   information, which was at all times adequate and comported with applicable standards of care

7   and law.  Defendants admit to providing FDA-approved prescribing information for Celebrex®.

8   Defendants deny the remaining allegations in this paragraph of the Complaint.

9        121.    Defendants state that Celebrex® was and is safe and effective when used in

10  accordance with its FDA-approved prescribing information.  Defendants state that the potential

11  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

12  information, which was at all times adequate and comported with applicable standards of care

13  and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14       122.    Defendants state that this paragraph of the Complaint contains legal contentions

15  to which no response is required.  To the extent that a response is deemed required, Defendants

16  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

17  approved prescribing information.  Defendants state that the potential effects of Celebrex® were

18  and are adequately described in its FDA-approved prescribing information, which was at all

19  times adequate and comported with applicable standards of care and law.  Defendants deny any

20  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21       123.    Defendants are without knowledge or information sufficient to form a belief as to

22  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

24  medication which is approved by the FDA for the following indications: (1) for relief of the signs

25  and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis

26  in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary

27  dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

28  adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery);

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and

2    symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants

3    deny the remaining allegations in this paragraph of the Complaint.

4         124.    Defendants are without knowledge or information sufficient to form a belief as to

5    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10    applicable standards of care and law.  Defendants admit to providing FDA-approved prescribing

11    information for Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

12    Complaint.

13         125.    Defendants are without knowledge or information sufficient to form a belief as to

14    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15    Celebrex®, and, therefore, deny the same.  Defendants state that, in the ordinary case,

16    Celebrex® was expected to reach users and consumers without substantial change from the time

17    of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18         126.    Defendants are without knowledge or information sufficient to form a belief as to

19    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21    effective when used in accordance with its FDA-approved prescribing information.  Defendants

22    state that the potential effects of Celebrex® were and are adequately described in its FDA-

23    approved prescribing information, which was at all times adequate and comported with

24    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25    remaining allegations in this paragraph of the Complaint.

26         127.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

27    injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

28         128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

131.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

133.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

PFIZER, PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-01434-CRB

1    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint, including all subparts.

7        135.    Defendants state that Celebrex® was and is safe and effective when used in

8    accordance with its FDA-approved prescribing information.  Defendants state that the potential

9    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

10   information, which was at all times adequate and comported with applicable standards of care

11   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

12   paragraph of the Complaint.

13       136.    Defendants are without knowledge or information sufficient to form a belief as to

14   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint.

21       137.    Defendants are without knowledge or information sufficient to form a belief as to

22   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   138.    Defendants are without knowledge or information sufficient to form a belief as to

2   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

4   effective when used in accordance with its FDA-approved prescribing information.  Defendants

5   state that the potential effects of Celebrex® were and are adequately described in its FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8   remaining allegations in this paragraph of the Complaint.

9   139.    Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  140.    Defendants are without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25  141.    Defendants are without knowledge or information sufficient to form a belief as to

26  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

1    state that the potential effects of Celebrex® were and are adequately described in its FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5         142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

6    injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

7         143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

8    injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

9         144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

10   injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

11        Response to Sixth Cause of Action: Unjust Enrichment

12        145.    Defendants incorporate by reference their responses to each paragraph of

13   Plaintiff's Complaint as if fully set forth herein.

14        146.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

15   marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

16   providers who are by law authorized to prescribe drugs in accordance with their approval by the

17   FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18   packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

19   in the United States to be prescribed by healthcare providers who are by law authorized to

20   prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22        147.    Defendants are without knowledge or information sufficient to form a belief as to

23   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26        148.    Defendants are without knowledge or information sufficient to form a belief as to

27   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   paragraph of the Complaint.

2          149.    Defendants are without knowledge or information sufficient to form a belief as to

3   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.  Defendants

6   state that the potential effects of Celebrex® were and are adequately described in its FDA-

7   approved prescribing information, which was at all times adequate and comported with

8   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9   remaining allegations in this paragraph of the Complaint.

10         150.    Defendants are without knowledge or information sufficient to form a belief as to

11  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18         151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

19  injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

20         Response to Prayer For Relief

21         Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

22  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages,

23  and deny the remaining allegations this paragraph of the Complaint, including all subparts.

24         III.

25         GENERAL DENIAL

26         Defendants deny the allegations and/or legal conclusions set forth in Plaintiff's

27  Complaint that have not been previously admitted, denied, or explained.

28         IV.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

First Defense

1.    The Complaint fails to state a claim upon which relief can be granted

Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

Seventh Defense

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-01434-CRB

the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

negligence and by the failure to mitigate damages.

Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts

or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

liable in any way.

Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted

independent, intervening causes for which Defendants cannot be liable.

Tenth Defense

10.      Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but

were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or

act of God.

Eleventh Defense

11.      Defendants affirmatively deny that they violated any duty owed to Plaintiff.

Twelfth Defense

12.      A manufacturer has no duty to warn patients or the general public of any risk,

contraindication, or adverse effect associated with the use of a prescription medical product.

Rather, the law requires that all such warnings and appropriate information be given to the

prescribing physician and the medical profession, which act as a "learned intermediary" in

determining the use of the product.  Celebrex® is a prescription medical product, available only

on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

treating and prescribing physicians.

Thirteenth Defense

13.      The product at issue was not in a defective condition or unreasonably dangerous

at the time it left the control of the manufacturer or seller.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq.

Twenty-first Defense

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

Twenty-eighth Defense

28.   Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

Twenty-ninth Defense

29.   To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

Thirtieth Defense

30.   The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, Article I, § 17 of the Constitution of the States of Minnesota, and the Constitution of the State of Indiana, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

Thirty-first Defense

31.   Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Minnesota and Indiana law, including, but not limited to, Minn. Stat. § 549.191 (2006).

Thirty-second Defense

32.   The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

Thirty-third Defense

33.   Plaintiff's punitive damage claims are preempted by federal law.

Thirty-fourth Defense

34.   In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

Thirty-fifth Defense

35.   Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

Thirty-sixth Defense

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Minnesota and Indiana.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-40-

1    of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent,

2    including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1991), TXO

3    Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America,

4    Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408

5    (2003).

6        Thirty-ninth Defense

7        39.    The methods, standards, and techniques utilized with respect to the manufacture,

8    design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

9    instructions with respect to the product's use in the package insert and other literature, and

10    conformed to the generally recognized, reasonably available, and reliable state of the knowledge

11    at the time the product was marketed.

12        Fortieth Defense

13        40.    The claims asserted in the Complaint are barred because Celebrex® was

14    designed, tested, manufactured and labeled in accordance with the state-of-the-art industry

15    standards existing at the time of the sale.

16        Forty-first Defense

17        41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

18    information and belief, such injuries and losses were caused by the actions of persons not having

19    real or apparent authority to take said actions on behalf of Defendants and over whom

20    Defendants had no control and for whom Defendants may not be held accountable.

21        Forty-second Defense

22        42.    The claims asserted in the Complaint are barred, in whole or in part, because

23    Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which

24    it was intended, and was distributed with adequate and sufficient warnings.

25        Forty-third Defense

26        43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of

27    laches, waiver, and/or estoppel.

28        Forty-fourth Defense

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

Forty-eighth Defense

48.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

Forty-ninth Defense

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

Fiftieth Defense

50.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

Fifty-first Defense

51.     Defendants' liability, if any, can only be determined after the percentages of

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

2   any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants

3   and each and every other person whose fault could have contributed to the alleged injuries and

4   damages, if any, of Plaintiff.

5       Fifty-second Defense

6       52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in

7   that the common law gives deference to discretionary actions by the United States Food and

8   Drug Administration under the Federal Food, Drug, and Cosmetic Act.

9       Fifty-third Defense

10      53.     The claims asserted in the Complaint are barred, in whole or in part, because

11  Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug &

12  Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated there under, and

13  Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to

14  implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing

15  regulations, and with the specific determinations by FDA specifying the language that should be

16  used in the labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by

17  the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

18  United States.

19      Fifty-fourth Defense

20      54.     Plaintiff's misrepresentation allegations are not stated with the degree of

21  particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

22      Fifty-fifth Defense

23      55.     Plaintiff's claim for punitive damages is barred pursuant to Minn. Stat. § 549.191.

24      Fifty-sixth Defense

25      56.     Plaintiff's claims are barred and/or limited by the provisions of the Indiana

26  Products Liability Act, I.C. 34-20-1-1 et seq.

27      Fifty-seventh Defense

28      57.     Plaintiff's damages, if any, are barred or limited by the payments received from

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

collateral sources, and the provisions of I.C. 34-44-1-1.

Fifty-eighth Defense

58.     Defendants assert all affirmative defenses applicable under the Indiana Products Liability Act, I.C. 34-20-1-1 et seq., and all amendments thereto.

Fifty-ninth Defense

59.     Plaintiff's alleged injuries/damages, if any, were the result of unforeseeable alterations, improper handling, or other unforeseeable misuse of the product Celebrex® by persons other than Defendants or persons acting on its behalf and any liability of Defendants is therefore barred.

Sixtieth Defense

60.     Plaintiff's fraud based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure and/or Trial Rule 9(B) of the Indiana Rules of Trial Procedure.

Sixty-first Defense

61.     Plaintiff's damages, if any, must be reduced by the percentage of fault attributable to Plaintiff, and to nonparties as provided by Indiana code 34-51-2-1 et seq.

Sixty-second Defense

62.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

V.

JURY DEMAND

Defendants hereby demand a trial by jury.

VI.

PRAYER

WHEREFORE, Defendants pray that Plaintiff takes nothing by this suit, that Defendants be discharged with their costs expended in this matter, and for such other and further

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    relief to which they may be justly entitled.

2

3

4    Dated:  May 23, 2008                          GORDON & REES LLP

5

6                                                    _____/s/_____

7                                                    Stuart M. Gordon
                                                     Gordon & Rees
8                                                    275 Battery Street, 20th Floor
                                                     San Francisco, CA 94111
9                                                    T (415)986-5900
                                                     F (415) 986-8054
10                                                   *Attorneys for Defendants Pfizer Inc.,*
                                                     *Pharmacia Corporation, and G.D. Searle LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    1

PFZR/1035934/5693689v.1

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-01434-CRB

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    Attorneys for Defendants
10  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                    SAN FRANCISCO DIVISION
14

15  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
16  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-01434-CRB
                                       )
17  *This document relates to*         )   **RULE 7.1 STATEMENT**
                                       )
18  TIM GRAY,                          )
                                       )
19              Plaintiff,             )   **JURY TRIAL DEMANDED**
                                       )
20         vs.                         )
                                       )
21  PFIZER, INC., PHARMACIA CORPORATION, )
    G.D. SEARLE LLC and MONSANTO       )
22  COMPANY,                           )
                                       )
23              Defendants.            )
                                       )
24

25          Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Pfizer Inc. ("Pfizer"),

26  Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle") submit this their

27  Corporate Disclosure Statement.  Defendants Pfizer, Pharmacia and Searle state:

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1.   Defendant Pfizer Inc. does not have any parent corporations, and no publicly traded company owns 10% or more of Pfizer Inc.'s stock.

2.   Defendant Pharmacia Corporation is a wholly-owned subsidiary of Defendant Pfizer Inc.

3.   Defendant G.D. Searle LLC is a limited liability company whose sole member is Pharmacia & Upjohn Company LLC, which is a limited liability company whose sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation.

May 23, 2008                                        GORDON & REES LLP


By: _____/s/_____
       Stuart M. Gordon
       sgordon@gordonrees.com
       Embarcadero Center West
       275 Battery Street, 20th Floor
       San Francisco, CA  94111
       Telephone:  (415) 986-5900
       Fax:  (415) 986-8054


       Attorneys for Defendants
       PFIZER INC, PHARMACIA
       CORPORATION, and G.D. SEARLE
       LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

PFZR/1035934/5693064v.1

-2-

RULE 7.1 STATEMENT – 3:08-cv-01434-CRB